UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONNETTA S. PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:11-CV-46-SNLJ ) |
| WORKFORCE, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Donnetta S. Perry for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. § 2000e-5 (Title VII) and 29 U.S.C. § 794 (Rehabilitation Act of 1973) ("RA"). The named defendants are Workforce, Gilster Mary Lee Corporation, Houchins Donuts, Celebrations, and Taco John.

**Discussion**

Title VII imposes liability on an employer who engages in certain discriminatory practices because of an individual's race, color, religion, sex, or national origin. The RA imposes liability for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance. Under both Title VII and the RA, a plaintiff is required to exhaust administrative remedies before commencing a civil suit in Federal Court. Filing a charge with the Equal

2

Employment Opportunity Commission is one such prerequisite in Title VII actions. See 42 U.S.C. § 2000e-5(F)(1). Filing a charge with the appropriate Equal Employment Office representative or agency is a prerequisite in RA actions. In her complaint, plaintiff states that she has not filed a charge with the Equal Employment Opportunity Commission or the Missouri Commission on Human Rights. Moreover, there is no indication she has filed an RA claim with the appropriate Equal Employment Office representative or agency. Under these circumstances, it cannot be said that plaintiff has exhausted her administrative remedies, and thus, the complaint will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff has failed to exhaust her administrative remedies, and thus, the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate order of dismissal shall accompany this memorandum and order.

Dated this 23rd day of March, 2011.

**UNITED STATES DISTRICT JUDGE**